J-S32014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EDWARD NELSON PETERS :
:
Appellant : No. 205 MDA 2023

Appeal from the PCRA Order Entered January 18, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003893-2008

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED: OCTOBER 12, 2023**

Appellant, Edward Nelson Peters, *pro se* appeals from the January 18, 2023 order, which notified Appellant that the court intended to dismiss his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Because that order was not a final order, we quash this appeal.

The underlying facts and relevant procedural history are as follows. On October 13, 2009, Appellant entered a negotiated guilty plea to Involuntary Sexual Intercourse with a Child and related offenses for the sexual abuse of his minor stepdaughter over a period of six years beginning when she was six years old. On the same day, the court imposed an aggregate sentence of 3½ to 10 years' imprisonment. On October 29, 2019, while released on probation and parole, Appellant's parole officer found him in bed with a 2-year-old child, who was wearing a diaper only. Appellant appeared for a violation of probation

and parole hearing where Appellant conceded that his behavior violated the terms of his release. The court revoked Appellant's probation and parole and imposed a new aggravate sentence of 4 to 10 years' incarceration. Appellant did not file a direct appeal. Appellant subsequently filed two unsuccessful PCRA petitions. **See Commonwealth v. Peters**, No. 778 MDA 2012 (Pa. Super. filed Dec. 4, 2012) (unpublished memorandum); **Commonwealth v. Peters**, No. 503 MDA 2021 (Pa. Super. filed October 1, 2021) (unpublished memorandum).

On August 17, 2022, Appellant filed a *pro se* PCRA petition, his third. On January 18, 2023, the trial court issued an order providing Appellant with "notice" of its "intention to dismiss" the petition and advising Appellant that "he may respond to the proposed dismissal, of record, within thirty (30) days."[1] Order, 1/18/23 (some capitalization and emphasis omitted). Appellant failed to respond. The court never filed an order dismissing the petition.

On February 3, 2023, Appellant filed the instant appeal from the January 18, 2023 order.

As an initial matter, we must consider whether we have jurisdiction to entertain this appeal. Generally, an appeal may be taken only from a final order of court. **See** Pa.R.A.P. 341 (relating to final orders). Here, the January 18, 2023 order, which was equivalent to a Pa.R.Crim.P. 907 notice of intent

---

[1] The order is dated January 17, 2023, but does not appear on the docket until January 18, 2023.

to dismiss, informed Appellant he had 30 days to respond to the "proposed dismissal." An order indicating a "proposed dismissal" is not a final order from which an appeal properly lies in this instance. **See** Pa.R.A.P. 341; Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise **finally** disposing of a petition for [PCRA] relief shall constitute a final order for purposes of appeal) (emphasis added)). Appellant's appeal is, thus, premature.

While Pa.R.A.P. 905(a)(5) allows this Court to address a premature appeal when the subsequent actions of the PCRA court fully ripen it, the PCRA court here did not subsequently enter an order dismissing the PCRA petition. Because there was no final order entered, this Court is without jurisdiction to address Appellant's claims. Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/12/2023